UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| B.E. and S.E., minor children by their<br>mother, legal guardian, and next friend, L.E., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00415-JRS-MG |
| | ) | |
| VIGO COUNTY SCHOOL CORPORATION; | ) | |
| PRINCIPAL, TERRE HAUTE NORTH VIGO | ) | |
| HIGH SCHOOL, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

Defendants, Vigo County School Corporation, and Principal, Terre Haute North Vigo High School, in his official capacity (jointly, "Defendants"), by counsel, for their Answer to the Complaint state as follows:

### Introduction

1.      B.E. and S.E. are transgender students attending Terre Haute North Vigo High School, one of the high schools within the Vigo County School Corporation. They have been diagnosed with gender dysphoria and are under the care of physicians. They have been prescribed hormones that they will begin taking this month. They have requested that they be able to use male restrooms and the male locker room in the school as they identify as male, even though their birth certificates note their gender at birth as female. Employees of defendant Vigo County School Corporation have denied this request. B.E. and S.E. have also asked to be addressed by the names they use that reflect their gender identity and with male pronouns. However, several substitute teachers refuse to use these names and pronouns, instead using the names that reflect their gender at birth and female pronouns. The Principal of the High School has refused to direct the teachers

1

to use these names and male pronouns. Additionally, the Principal has indicated that the plaintiffs must be listed by their birth names in the school yearbook. Defendants' failure to recognize the plaintiffs as male and to allow them to use male restrooms and the male locker room and to require that they be addressed by the names and pronouns consistent with their male gender violates both the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681(a). They are entitled to declaratory and injunctive relief, as well as their damages.

**ANSWER:**   Defendants admit that B.E. and S.E. are students attending Terre Haute North Vigo High School. Defendants admit that B.E. and S.E. have begun taking hormones and that they are under the care of physicians, but lack knowledge or information as to whether B.E. and S.E. have been diagnosed with gender dysphoria. Defendants admit that B.E. and S.E. have sought to use the male restrooms and male locker rooms, and that this request has been denied. Defendants admit that B.E. and S.E. have requested that they be referred to by their chosen names and by male pronouns, and that Defendants have complied with this request. Defendants lack knowledge or information sufficient to admit or deny that B.E. and S.E. are "transgender," as that term is vague and undefined. Defendants deny the remaining allegations set forth in paragraph 1 of the Complaint.

### Jurisdiction, venue, and cause of action

2.      This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

**ANSWER:**   Admit.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**ANSWER:**   Admit.

4.     Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**     Deny.

5.     Plaintiffs bring their claims pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the United States Constitution and as a private cause of action directly pursuant to Title IX as authorized by *Cannon v. University of Chicago*, 441 U.S. 677, 717 (1979).

**ANSWER:**     Deny.

## Parties

6.     B.E. is a minor child who resides in Vigo County, Indiana.

**ANSWER:**     Admit.

7.     S.E. is a minor child who resides in Vigo County, Indiana.

**ANSWER:**     Admit.

8.     The Vigo County School Corporation is a public-school corporation providing educational services in Vigo County, Indiana.

**ANSWER:**     Admit.

9.     The Principal of Terre Haute North Vigo High School is the duly appointed principal of the school and is sued in his official capacity.

**ANSWER:**     Admit.

## Factual allegations

10.     B.E. and S.E. are siblings who attend high school at Terre Haute North Vigo High School.

**ANSWER:**     Admit.

11.     They are currently freshmen.

**ANSWER:**     Admit.

12.     Although the gender assigned to both B.E. and S.E. at birth, and noted on their birth certificates, was female, they have long identified themselves as male.

**ANSWER:**     Defendants admit that the gender assigned to both B.E. and S.E. at birth and noted on their original birth certificates was female. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 12 of the Complaint.

13.     Both plaintiffs, while they were in elementary school, identified themselves as male and started using male first names and some teachers and students began using these male names at their request and at the request of their mother.

**ANSWER:**     Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in paragraph 13 of the Complaint.

14.     For some time, the plaintiffs have made themselves masculine in appearance by wearing male clothing and wearing their hair in a masculine manner.

**ANSWER:**     Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in paragraph 14 of the Complaint.

15.     They have requested that they be referred to by their male first names and that male pronouns be used when school employees and students refer to them. Their mother has also made this request.

**ANSWER:**     Admit.

16.     The plaintiffs are seen by health professionals at Riley Children's Hospital in Indianapolis.

**ANSWER:**     Admit.

17.     The health professionals have diagnosed the plaintiffs as having gender dysphoria.

**ANSWER:**     Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in paragraph 17 of the Complaint.

18.     The health professionals have indicated that the plaintiffs should be able to use bathrooms and locker rooms that are congruent with their male gender.

**ANSWER:**     Defendants admit that B.E. and S.E. have each provided a note from a physician asking that they each be allowed to "use bathrooms and locker rooms that are congruent with his male gender."

19.     The health professionals have prescribed male hormones for the plaintiffs, and the plaintiffs are to begin taking them on November 9, 2021.

**ANSWER:**     Admit.

20.     L.E., the mother of the plaintiffs, has had telephonic and in-person meetings with administrators at Terre Haute North Vigo High School to request that the plaintiffs be allowed to use the restrooms and locker room congruent with their male genders.

**ANSWER:**     Defendants admit that L.E. has had in-person meetings with administrators at Terre Haute North Vigo High School where plaintiffs' use of the male restrooms and locker rooms has been discussed.

21.     Prior to the last meeting, in mid-October, L.E. sent the administrators information specifying that federal law and the Constitution require that transgender students be allowed to use bathrooms and locker rooms that are consistent with their gender identities.

**ANSWER:**     Defendants admit that in mid-October, L.E. sent administrators a screenshot from the ACLU's website titled "Know Your Rights Trans and Gender Nonconforming Students," and states that the screenshot speaks for itself.

22.     Nevertheless, school administrators have specified that the plaintiffs cannot use the male restrooms and locker rooms.

**ANSWER:**   Defendants admit that plaintiffs have not been allowed to use the male restrooms and locker rooms.

23.     Instead, school personnel indicated that the plaintiffs could use the female restrooms or the unisex bathroom in the health room at the high school.

**ANSWER:**   Admit.

24.     At the last meeting between L.E. and the Principal and Vice-Principal, the Vice-Principal indicated that they had consulted with executive staff of the School Corporation and that the Corporation had consulted with its lawyer and that the plaintiffs would not be allowed to use the male facilities.

**ANSWER:**   Admit.

25.     The defendants have refused to allow plaintiffs to use the restrooms and locker rooms consistent with their gender identities, even though defendants have been informed of the recommendations of the health professionals at Riley Hospital and despite being informed that the plaintiffs will begin hormone therapy on November 9 of this year.

**ANSWER:**   Defendants admit that plaintiffs have not been allowed to use the male restrooms and locker rooms.

26.     The single restroom that is in the health office is not a viable substitute for the male restrooms at the High School for several reasons.

**ANSWER:**   Deny.

6

27.     First, the health office is much further from plaintiffs' classes than the male restrooms used by their fellow students and there is insufficient time between classes to travel back and forth.

**ANSWER:**    Deny.

28.     Moreover, both plaintiffs have had serious digestive and intestinal issues since their births, and they are prescribed and take powerful laxatives. Because of this, at times they simply are not able to travel the greater distance to the health center without the risk of bowel accidents.

**ANSWER:**    Defendants admit that plaintiffs have had digestive and intestinal issues since their births and that they are prescribed laxatives. Defendants deny the remaining allegations set forth in paragraph 28 of the Complaint.

29.     Because of their medical issues, plaintiffs' medical professionals have informed the High School that plaintiffs should be excused from their classes as needed to use the restroom. The High School has acceded to this request. However, due to the great distance between plaintiffs' classes and the health center, if either plaintiff goes to the restroom during class, he will miss more of the class than he would if he could use the male restrooms that are much closer.

**ANSWER:**    Defendants admit that plaintiffs have been excused from their classes as needed to use the restroom, consistent with the request of plaintiffs' medical professionals. Defendants deny the remaining allegations set forth in paragraph 29 of the Complaint.

30.     Gender dysphoria is characterized by depression and anxiety because of the mismatch between a person's gender at birth and the person's gender identity. Being denied the ability to live one's gender identity to the greatest extent possible will heighten the depression and anxiety. And, being allowed to live one's life consistent with one's gender identity ameliorates the consequences of gender dysphoria.

**ANSWER:**   Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in paragraph 30 of the Complaint.

31.   Plaintiffs suffer depression and anxiety as a result of their gender dysphoria.

**ANSWER:**   Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in paragraph 31 of the Complaint.

32.   Using a female restroom at this point would undermine the need that plaintiffs have to live as males and would heighten their depression and anxiety and would cause them harm.

**ANSWER:**   Deny.

33.   Using a female restroom would also subject them and other students to discomfort, as the plaintiffs are masculine in appearance, and will only become more so as their hormone therapy has its intended masculinizing effects.

**ANSWER:**   Deny.

34.   Similarly, the use of the restroom in the health office, even if it was physically close to where the students are located, and even if it was open, would emphasize to the plaintiffs and others that the plaintiffs are "different" and would undermine their need to live as males and would cause psychological distress and harm.

**ANSWER:**   Deny.

35.   Plaintiffs currently attempt to use the restroom in the health office, and this increases the negative psychological consequences caused by their gender dysphoria. At times it has been locked and the plaintiffs had to uncomfortably wait.

**ANSWER:**   Defendants admit that Plaintiffs have been permitted to use the restroom in the health office, and that they have claimed that it has been locked in a very few instances. Defendants deny the remaining allegations set forth in paragraph 35 of the Complaint.

8

36.     Because they do not have permission to use the male restrooms, the plaintiffs frequently have to avoid using the bathroom at all, which causes them discomfort.

**ANSWER:**   Deny.

37.     Substitute teachers insist on referring to plaintiffs by their female names given to them at birth and insist on referring to them using female pronouns.

**ANSWER:**   Deny.

38.     This also causes plaintiffs psychological distress as it serves to reemphasize the disconnect between their gender at birth and their gender identity.

**ANSWER:**   Deny.

39.     L.E. has requested that the Principal instruct teachers to refer to the plaintiffs by male pronouns and by the names that they are currently using that are consistent with their gender identities.

**ANSWER:**   Defendants admit that L.E. has requested that teachers refer to plaintiffs using male pronouns and by their chosen names, and that school staff has complied with this request.

40.     The Principal has refused to do this and has instead indicated that staff may refer to the plaintiffs by female pronouns and by the female names on their birth certificates.

**ANSWER:**   Deny.

41.     The Principal has also indicated that the plaintiffs will have to be referred to by their birth names in the Terre Haute North Vigo High School's yearbook.

**ANSWER:**   Deny.

42.     Plaintiffs are being caused continuing depression, anxiety, and mental distress, and other injuries, by the actions of defendants.

**ANSWER:**   Deny.

43.     Plaintiffs are being caused irreparable harm for which there is no adequate remedy at law.

**ANSWER:**   Deny.

44.     The Vigo County School Corporation is a recipient of federal funding and is an entity covered by Title IX.

**ANSWER:**   Admit.

45.     At all times defendants have acted and have failed to act under color of state law.

**ANSWER:**   Defendants admit that their actions have been taken under color of state law.

46.     The actions and inactions of defendants represent intentional discrimination and have caused damages to plaintiffs.

**ANSWER:**   Deny.

**Legal claims**

47.     The failure of defendants to allow plaintiffs to use male restrooms and locker rooms at Terre Haute North Vigo High School and to require that plaintiffs be referred to as males, using the names consistent with their gender identities, represents unlawful discrimination because of sex in violation of Title IX, 20 U.S.C. § 1681(a).

**ANSWER:**   Deny.

48.     The failure of defendants to allow plaintiffs to use male restrooms and locker rooms at Terre Haute North Vigo High School and to require that plaintiffs be referred to as males, using the names consistent with their gender identities, violates the Equal Protection Clause of the Fourteenth Amendment.

**ANSWER:**   Deny.

## UNANSWERED ALLEGATIONS

Each and every allegation contained in the Complaint which is not specifically admitted or denied herein is generally denied.

## ADDITIONAL DEFENSES

1.     The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.     Plaintiffs have failed to mitigate their alleged damages.

3.     Pursuant to Title IX's implementing regulations, institutions "may provide separate toilet, locker room, and shower facilities on the basis of sex." 34 C.F.R. § 106.33.

4.     Plaintiffs' claims under *Monell*, if any, are barred to the extent they have failed to properly state a claim.

5.     Plaintiffs' claims under *Monell* against an employee in the employee's official capacity are redundant.

6.     Defendants acted in good faith at all times, and had reasonable grounds for believing that any act(s) they took did not violate any applicable federal or state laws.

7.     Plaintiffs have failed to describe the claims made against Defendants with sufficient particularity to enable them to determine what additional defenses they may have in response to the purported claims. Defendants therefore reserve the right to assert all defenses which may be pertinent to Plaintiffs' alleged claims once the precise nature of those claims is ascertained through discovery.

WHEREFORE, Defendants, by counsel, respectfully requests that the Court enter judgment in their favor and against Plaintiffs, on their Complaint; that Plaintiffs take nothing by way of their Complaint; and that the Court award all other appropriate relief.

## **JURY DEMAND**

Defendants demand a jury on all issues so triable.


Respectfully submitted,


/s/ *Philip R. Zimmerly*
Jonathan L. Mayes (#25690-49)
Philip R. Zimmerly (#30217-06)
Mark A. Wohlford (#31568-03)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000; (317) 684-5173 (Fax)
JMayes@boselaw.com
PZimmerly@boselaw.com
MWohlford@boselaw.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 4, 2022, a copy of the foregoing "Answer" was filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Kenneth J. Falk, Esq.<br>Stevie J. Pactor, Esq.<br>ACLU of Indiana<br>1031 East Washington Street<br>Indianapolis, IN  46202<br>kfalk@aclu-in.org<br>spactor@aclu-in.org | Kathleen Bensberg, Esq.<br>Indiana Legal Services, Inc.<br>1200 Madison Avenue<br>Indianapolis, IN  46225<br>Kathleen.bensberg@ilsi.net<br><br>Megan Stuart, Esq.<br>Indiana Legal Services<br>214 South College Avenue, 2nd Floor<br>Bloomington, IN  47404<br>Megan.stuart@ilsi.net |

/s/ *Philip R. Zimmerly*
Philip R. Zimmerly