UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

B.E. and S.E.,

Plaintiffs,

v.

VIGO COUNTY SCHOOL CORPORATION, *et al.*,

Defendants.

No. 2:21-cv-00415-JRS-MG

**CASE MANAGEMENT PLAN**

**I. Parties and Representatives**

*Plaintiffs*

A. B.E., S.E.

B. Kenneth J. Falk, Stevie J. Pactor, ACLU of Indiana, 1031 E. Washington St., Indianapolis, IN, 46202, 317/635-4059, fax: 317/635-4105, kfalk@aclu-in.org, spactor@aclu-in.org

Kathleen Bensberg, Indiana Legal Services, Inc., 1200 Madison Ave., Indianapolis, IN, 46225, 317/631-9410, fax: 317/269-7219, Kathleen.bensberg@ilsi.net

Megan Stuart, Indiana Legal Services, Inc., 214 S. College Ave., 2nd Floor, Bloomington, IN 47404, 812/961-6902, Megan.stuart@isli.net

*Defendants*

A. Vigo County School Corporation; Principal, Terre Haute North Vigo High School

B. Jonathan L. Mayes, Philip R. Zimmerly, Mark A. Wohlford, BOSE McKINNEY & EVANS LLP, 111 Monument Circle, Suite 2700, Indianapolis, IN 46204, 317/684-5000, fax: 317/684-5173, JMayes@boselaw.com, PZimmerly@boselaw.com, MWohlford@boselaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. The basis for this Court's jurisdiction is 28 U.S.C. § 1331 as plaintiffs allege a violation of their rights secured by the United States Constitution and by Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681(a).

B. The failure of the defendants to allow the plaintiffs, transgender male high school students, to use male restrooms and locker rooms at Terre Haute North Vigo High School and to require that they be referred to by their male names and by male pronouns, represents unlawful discrimination in violation of both equal protection and Title IX.

C. Upon notice at the beginning of the school year, the School Corporation handled the plaintiffs' name and pronoun preferences at the teacher level, with teachers working with the plaintiffs, their mother, and their aunt and accommodating the plaintiffs' name and pronoun requests. Later in the first semester, upon notice of a State Court order that changed the legal name and gender markers of the plaintiffs, the School Corporation updated its school records to match the legal changes. Outside of names and pronouns, in the interest of the privacy and safety of all students, and consistent with federal regulations permitting separate toilet, locker room, and shower facilities on the basis of sex, the School Corporation requires students to use the restroom and locker room facilities consistent with their physical anatomy and biological sex. The plaintiffs and their mother requested a different arrangement from the School Corporation, and the School Corporation responded by offering a single-occupancy health bathroom for the plaintiffs' needs at school and also by providing additional time during passing periods for that use if attendance related issues arose based on the location of the facility. The plaintiffs used this facility numerous times without issue during the first semester. The plaintiffs' physical anatomy remains female, and the School Corporation continues to offer the health facility as an alternative to the female restroom for both plaintiffs. The School Corporation's efforts to accommodate the plaintiffs' requests while meeting the safety and privacy interests of all students is reasonable, permitted by law, and not a violation of the plaintiffs' rights under the Equal Protection Clause or Title IX.

## III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before March 8, 2022.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before March 15, 2022.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before March 22, 2022.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before April 8, 2022.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before April 8, 2022. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or November 8, 2022. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before December 8, 2022; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before December 8, 2022.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before March 1, 2023. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before January 9, 2023. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI"). If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

The parties do not believe that a substantial volume of ESI will be produced in this action. Plaintiffs will seek, among other matters, all information concerning the defendants' policies concerning transgender students, including, but not limited to, restroom and locker room usage and use of names and pronouns consistent with their gender identities; all information concerning the plaintiffs including, but not limited to, the defendants' knowledge of the plaintiffs' transgender status and actions taken; the defendants' positions concerning plaintiffs' access to male restrooms, locker rooms, and ROTC Uniforms and their positions concerning the use of their names and pronouns consistent with their gender identities; and the reasons for any of these positions.

Unless otherwise agreed to by the parties, ESI will be produced in its native or PDF format. The production will include meta data.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. Discovery[1] and Dispositive Motions

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? YES

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Plaintiffs will seek partial summary judgment on all issues except for their damages as the actions of the defendants in denying plaintiffs the right to use male restrooms and locker rooms at Terre Haute North Vigo High School and to require that they be referred to by their male names and by male pronouns, represents unlawful discrimination in violation of both equal protection and Title IX.

Defendants will cross-move for summary judgment in response to any such motion filed by Plaintiffs, as Title IX and the Equal Protection Clause permit separate restroom and locker room facilities on the basis of biological sex and physical anatomy as a matter of law, and defendants have not violated the Constitutional or statutory rights of the plaintiffs.

B. On or before September 15, 2022, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

______ Track 1: No dispositive motions are anticipated. All discovery shall be completed by __________ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

__X__ Track 2: Dispositive motions are expected and shall be filed by November 8, 2022; non-expert witness discovery and discovery relating to liability issues shall be completed September 8, 2022; expert witness discovery and discovery relating to damages shall be completed by February 8, 2023. All remaining discovery shall be completed by no later than March 8, 2023.

______ Track 3: Dispositive motions shall be filed by ___________ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by __________; expert witness discovery shall be completed by _______________. [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## V. Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in September of 2022.**

## VI. Trial Date

The parties request a trial date in July of 2023. The trial is by jury and is anticipated to take three days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party’s final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX. Other Matters**

Plaintiffs have sought a preliminary injunction in this case and the matter is being briefed.

s/ Kenneth J. Falk

Kenneth J. Falk
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/535-4105
kfalk@aclu-in.org
spactor@aclu-in.org

Kathleen Bensberg
Indiana Legal Services, Inc.
1200 Madison Ave.
Indianapolis, IN 46225
317/631-9410
fax: 317/269-7219
Kathleen.bensberg@isli.net

Megan Stuart
Indiana Legal Services, Inc.
214 S. College Ave., 2nd Floor
Bloomington, IN 47404
812/961-6902
Megan.stuart@ilsi.net

Attorneys for Plaintiffs

s/ Philip R. Zimmerly
(with permission)
Jonathan L. Mayes
Philip R. Zimmerly
Mark A. Wohlford
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
317/684-5000
fax: 317/684-5173
JMayes@boselaw.com
PZimmerly@boselaw.com
MWohlford@boselaw.com

Attorneys for Defendants

*****************************************************************************

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON ____________ FOR A PRETRIAL/STATUS CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY ______________ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _______________ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY ______________ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY___________________________ ON _____________________________. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR ____________________________________ AT _____.M., ROOM ________________. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR ____________________AT ________.M. COUNSEL SHALL APPEAR:<br><br>_____________ IN PERSON IN ROOM _______; OR<br><br>_____________ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) ___________________; OR<br><br>_____________ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) ___________________; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN 11/8/2022 and Discovery by 9/8/2022 |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 1/25/2022

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:
To ECF Counsel of Record