UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| B. E., | ) | |
| S. E., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00415-JRS-MG |
| | ) | |
| VIGO COUNTY SCHOOL CORPORATION, | ) | |
| PRINCIPAL, TERRE HAUTE NORTH | ) | |
| VIGO HIGH SCHOOL, | ) | |
| | ) | |
| Defendants. | ) | |

**Preliminary Injunction**

The Court finds that Plaintiffs B.E. and S.E. have demonstrated a likelihood of success on the merits of their claim under Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq*. Specifically, the Court finds that in light of *Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858 F.3d 1034 (7th Cir. 2017), *abrogated on other grounds by Illinois Republican Party v. Pritzker*, 973 F.3d 760 (7th Cir. 2020); *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020); decisions from other courts; and the lack of contrary caselaw, Plaintiffs have made a sufficient showing that they are likely to succeed on their claim that Defendants' refusal to allow them to use the male restrooms and locker room violates Title IX. The Court also finds that denial of access to such facilities may exacerbate the negative consequences of Plaintiffs' gender dysphoria, which may have a life-long, detrimental impact on Plaintiffs' well-being, and that this constitutes irreparable harm for which there is no adequate remedy at law. When balancing this harm against the harm

Defendants would face if preliminary relief were granted, and when considering the impact of preliminary relief on the public as a whole, the Court finds that the balance tips in favor of Plaintiffs and an injunction.

Accordingly, the Court **orders** Defendants, Vigo County School Corporation and Principal of Terre Haute North Higo High School, to provide Plaintiffs with access to the boys' restrooms and locker room, excluding the showers.

The Court waives the security requirement of Rule 65(c) of the Federal Rules of Civil Procedure. *See Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 458 (7th Cir. 2010) (district court can waive bond requirement when there is no danger the opposing party will incur any damages from the injunction).

**SO ORDERED.**

Date: 06/24/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to registered parties of record via CM/ECF.

2